## Cleveland, C., C. & St. L. R. R. Co. v. Washington C. Smith.

1. PERSONAL INJURIES—*Duty of Person Approaching Railroad Tracks.*—It is not the duty of a person driving a horse and carriage on a public highway, when approaching a railroad crossing, to stop and look and listen for approaching trains, and failing to do so he is not barred from the right of recovery for injuries received; the right depends on other facts and circumstances surrounding the person at the time.

2. NEGLIGENCE—*Province of the Jury.*—It is the province of the jury to determine whether the plaintiff was guilty of negligence, and not for the court to tell the jury that certain facts constitute negligence.

Action to Recover the Value of Domestic Animals Killed by a Railroad Company.—Trial in the Circuit Court of Vermilion County;

the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and
judgment for plaintiff. Appeal by defendant. Heard in this court at
the May term, 1898. Affirmed. Opinion filed October 5, 1898.

H. M. STEELY, attorney for appellant.

MABIN & CLARK, attorneys for appellee.

Opinion PER CURIAM.

This suit was brought by appellee before a justice of the
peace to recover the value of a mare killed, and a buggy and
a set of single harness substantially destroyed, by being
struck by a locomotive engine of appellant on its road at
Hazel street crossing in the city of Danville, State of Illi-
nois, on Sunday evening, August 23, 1896, between the
hours of seven and eight o'clock. Upon this case being
tried in the Circuit Court with a jury, a verdict was returned
for appellee, fixing his damages at $106.61. The court ren-
dered a judgment on the verdict after overruling a motion
for a new trial by appellant.

The collision causing the injury complained of took place
at what is known as Hazel street crossing. At this point
the railroad track runs from east to west, crossing Hazel at
right angles. The locomotive engine that caused the injury
came from the east. There is a cut on the east side of the
crossing in the railroad right of way for the track, from
four to six feet deep. The view coming from the north on
Hazel street is interfered with until a point is reached
within thirty feet of the north rail of the track. The right
of way is sixty feet wide. The appellee's horse and buggy
were in charge of a boy about fourteen years of age. His
experience in handling horses had been more than usual for
one of his years. This Sunday was the first time he had
been in Danville. He had been sent by appellee to take a
lady and her two children from appellee's home, some dis-
tance south of the railroad track, to their home, two blocks
north of the railroad track on Jackson street. Returning,
he drove over to Hazel street, and then on Hazel street to
the crossing, where the engine struck and destroyed the

horse and buggy.   As he approached the crossing he met a carriage going north with four persons in it.   There was also some forty feet in front of him, going south, a buggy. Each horse was being driven on a trot and the noise thus created drowned the ringing of the bell, if it were rung, and also the noise of the train.

As he drove over the crossing the horse and buggy were caught by the train.   At the time the train was running at the rate of five or six miles an hour.

It is contended by appellant's counsel, if the servant of appellee did not stop, and look and listen, then he is barred a right of recovery.   This is not correct.   It depends on the facts and circumstances surrounding the person at the time. It is always a question of fact for the jury to determine from the evidence whether the person injured has exercised proper care and caution in crossing a railroad track, and not a question of law.   It is the province of the jury to determine whether the plaintiff was guilty of negligence, and not for the court to tell the jury that certain facts constitute negligence.   T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540.

This question was submitted to the jury, and they found for appellee, and there is testimony in the record to sustain this finding.   There is no contention on the part of appellant that the whistle was sounded as the train approached the crossing.   There is a sharp conflict in the evidence as to whether the bell was rung as the locomotive engine approached the crossing, and at the time it reached it.   The jury by their verdict gave credence to appellee's witnesses and we do not think we would be justified in disturbing the verdict.   The testimony is conflicting on the other material issues in the case.   It was for the jury to determine which were correct, and having done so, we will let their finding stand.   We do not think the court committed any harmful error in the rejection or admission of testimony, or in the giving, refusing or modifying of instructions.

Judgment of the court below is affirmed.